IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
MARCUS DEMOND MOYE, ) Bk. No. **17-00875-MH3-13**
) Chapter 13
Debtor(s). ) Judge Marian F. Harrison

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS:** February 21, 2020
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:** March 4, 2020 at 8:30 a.m. in Courtroom 1, 2nd Floor Customs House, 701 Broadway, Nashville, Tennessee 37203

## TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO SET ASIDE DISMISSAL

Henry E. Hildebrand, III, Standing Trustee for Chapter 13 matters in the Middle District of Tennessee, respectfully objects to the application filed by the debtor seeking to set aside this Court's order of January 24, 2020 which dismissed the debtor's case.

The debtor's Chapter 13 plan was confirmed on April 24, 2017.

On May 16, 2017, the Trustee filed a Motion to Dismiss as a result of the debtor's failure to comply with the Court order requiring payments to be made by the TFS Nationwide System. The debtor's response indicated that the debtor had now set up the TFS System to withhold funds from the debtor's bank account. The hearing on the Trustee's motion was set for June 21, 2017. At the hearing, it was announced the motion was denied with conditions and that debtor's counsel would prepare the agreed order. Debtor's counsel never submitted the agreed order to the Trustee and no order was filed with Court.

The Trustee filed a Motion to Modify the Chapter 13 Plan to deal with a mortgage obligation payable to Nationstar Mortgage where the payments to Nationstar increased from $1,504.36 to $2,391.71 commencing with the August 2017 payment. Pursuant to the Order Confirming the debtor's plan, the plan provided that the Trustee may adjust post-petition regular payments payable to a mortgage servicer and was granted the discretion to adjust post-petition payments by the debtor. If those payments increased by more than $25 per month, the Trustee was required to submit a motion.

The Trustee's motion was a motion to modify filed under Rule 9013-1 of the Local Rules of the Bankruptcy Court for the Middle District of Tennessee. The Trustee's motion was granted by order entered September 6, 2017 and the debtor's payments were increased to $1,750 every two weeks. This plan was further modified when the debtor "added" Inland Bank/Insolve Auto Funding to be paid by the Trustee. This adjusted the debtor's payments to $1,874.25 biweekly.

The Trustee sought dismissal of the case when the debtor was failing to fund the plan. This Motion to Dismiss was filed on February 15, 2019 and clearly demonstrates that the debtor's payments were inadequate to cover the obligations of the plan. The plan default in February 2019 was $14,899.

By agreement with the debtor, the Trustee prepared an Agreed Order that obligated the debtor to pay to the Trustee, through TFS, the amount of $2,098.75 biweekly. This was effective when entered on April 18, 2019.

The debtor did not make the payments required by the modified plan even though debtor's counsel signed the Agreed Order which contained this obligation. As a result, the debtor's Chapter 13 plan was in arrears by more than $27,000 at the time the case was dismissed.

The debtor's Application to Set Aside Dismissal does nothing to explain why the debtor failed to comply with the terms of the plan. The debtor argues that the mortgage payment has now decreased and therefore, the plan can be further modified. The mortgage and HOA are due for the January 2020 payment.

The debtor's Application to Set Aside Dismissal does not explain why the debtor did not comply with the Court order that obligated the debtor to make payments of at least $2,098.75 biweekly.

The debtor has failed to establish sufficient grounds for this Court to reconsider or set aside the order dismissing the case.

WHEREFORE, THE PREMISES CONSIDERED, the Trustee objects to the application filed by the debtor seeking to set aside this Court's order which dismissed the debtor's case.

Respectfully submitted,

/s/ Henry E. Hildebrand, III

_____
Henry E. Hildebrand, III
Chapter 13 Trustee
P. O. Box 340019
Nashville, TN 37203-0019
615-244-1101; Fax 615-242-3241
www.ch13nsh.com
pleadings@ch13nsh.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that on or before the 13th day of February, 2020, a true and correct copy of the foregoing has been served in the following manner:

**Email by Electronic Case Noticing to:**

U. S. Trustee
Clark & Washington, Counsel for Debtor

**By U. S. Postal Service, postage prepaid to:**

Marcus D. Moye, 109 Windham Circle, Hendersonville, TN 37075

/s/ Henry E. Hildebrand, III

_____
Henry E. Hildebrand, III
Chapter 13 Trustee